## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
## TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JOSEPH R. SUTHERLIN, individually and on behalf of others similarly situated, | ) ) ) | |
| Plaintiff | ) ) | |
| | ) ) ) | **COLLECTIVE ACTION PURSUANT TO 29 USC § 216(b)** |
| vs. | ) ) | CASE NO.  2:17-CV-489 |
| PHOENIX CLOSURES, INC., | ) ) | |
| Defendant | ) | |

### *PLAINTIFF'S INDIVIDUAL AND FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES*

### *I.  STATEMENT OF THE CASE*

Plaintiff Joseph R. Sutherlin ("Sutherlin") brings this collective action against Defendant Phoenix Closures, Inc. ("Phoenix Closures") pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 USC § 216(b), for overtime pay violations.  Sutherlin brings this action for himself and for all current and/or former hourly-paid employees of Phoenix Closures who worked for Phoenix Closure at one of its manufacturing facilities in the United States (Indiana, Illinois, Iowa and Tennessee) and who were similarly subjected to Phoenix Closures' compensation scheme whereby Phoenix Closures was not including training hours worked as regular hours for purposes of calculating and paying earned overtime compensation.

Specifically, Phoenix Closures regularly and annually required Sutherlin and every hourly-paid employee to participate in different training sessions conducted at a Phoenix Closures facility and led by one or more Phoenix Closures employee (a trainer).  Phoenix

Closures would pay employees at a straight time or regular rate of pay for these training sessions, but Phoenix Closures was not including the hours worked in these training sessions in the overall hours worked each week for purposes of determining and paying overtime compensation.  In many weeks, Sutherlin and all Phoenix Closures hourly paid employees should have been paid for these training session hours worked at an overtime rate of one and one-half times his/her regular rate, because the training hours were worked in addition to all other hours worked during the work week and the training hours were hours worked in excess of forty during the workweek.

## II.  FACTUAL ALLEGATIONS

1.     Sutherlin is a resident of the State of Indiana, and is domiciled in Greencastle, Putnam County, Indiana.  Sutherlin is a former employee of Phoenix Closures.  Sutherlin worked at Phoenix Closures' Greencastle, Indiana manufacturing facility as an hourly paid maintenance technician.  Sutherlin worked for Phoenix Closures from approximately May 2012 until he was involuntarily terminated on or about October 9, 2017.

2.     Phoenix Closures is a foreign corporation with its primary headquarters in Naperville, Illinois.  Phoenix Closures employs hourly-paid workers who will be potential FLSA opt-in plaintiffs at its locations in Greencastle, Indiana, Naperville, Illinois, Davenport, Iowa and Newport, Tennessee.  On its website, Phoenix Closures describes itself as follows: "Phoenix Closures is a full service manufacturing firm specializing in injection-molded closures.  We offer a comprehensive line of stock, custom and specialty closures that offer solutions in many markets."

3.     Sutherlin and his similarly situated coworkers are and were common victims of

Phoenix Closures' compensation scheme whereby Phoenix Closures fails and refuses to include the training hours worked by its employees in the calculation of overtime compensation.

4.      Specifically, Phoenix Closures regularly and annually required Sutherlin and every hourly-paid employee to participate in different training sessions conducted at a Phoenix Closures facility and led by one or more Phoenix Closures employee (a trainer).  These training sessions were required work time.  Phoenix Closures would pay Sutherlin and his coworkers at a straight time or regular rate of pay for these training sessions, but Phoenix Closures was not including the hours worked in these training sessions in the overall hours worked each week for purposes of determining and paying overtime compensation.  In many weeks, Sutherlin and all Phoenix Closures hourly paid employees should have been paid for these training session hours worked at an overtime rate of one and one-half times his/her regular rate, because the training hours were worked in addition to all other hours worked during the work week and the training hours were hours worked in excess of forty during the workweek.

5.      Phoenix Closures' policy and practice of treating training hours worked as separate from all other hours worked and refusing to pay training hours at overtime compensation rates of pay is a long-standing policy and practice and is applied by Phoenix Closures to its employees at all four of its U.S. facilities.

6.      Phoenix Closures is knowingly and intentionally violating its employees right to be paid overtime compensation rates for training hours.  Specifically, Phoenix Closures required Sutherlin and all similarly situated coworkers to clock out before participating in training sessions.  Phoenix Closures was not recording training hours worked in the same manner it recorded production hours worked (on a time clock).  Instead, Phoenix Closures recorded

training hours worked on forms or sheets of paper completed by employees.

7.      Over the last three (3) years' time, Sutherlin has actually worked many training hours during work weeks in which Sutherlin also worked forty (40) or more production hours, but Phoenix Closures failed to pay Sutherlin for his training hours at overtime rates of pay.  This is true of multiple of Sutherlin's work weeks in calendar years 2014, 2015, 2016 and 2017.

8.      Phoenix Closures' wage violations based upon its failure to pay its employees at overtime rates of pay for training hours that are worked in weeks where employees worked in excess of forty total hours should be easy to prove on a class-wide basis through Phoenix Closures' own time clock records, training records and pay roll records for Sutherlin and all FLSA opt-in plaintiffs.

9.      Phoenix Closures intentionally and knowingly violated its employees' rights to be paid earned overtime compensation.

10.     By way of this Complaint, Sutherlin seeks for himself and for all other similarly situated hourly-paid employees all wages, all overtime compensation, and any and all liquidated damages owed to each.  Additionally, Sutherlin seeks payment of his reasonable attorney's fees, costs and expenses.

### III.  COLLECTIVE ACTION ALLEGATIONS

11.     Sutherlin incorporates herein by reference paragraphs 1 - 10 above.

12.     Sutherlin brings his claims in his capacity as and individual, and as a collective action on behalf of other current and former Phoenix Closures hourly paid employees who worked for the company at one or more of its four U.S. manufacturing facilities.  All said individuals were common victims of Phoenix Closures' scheme to avoid paying overtime rates

for training hours worked in work weeks where its employees total hours worked exceeded forty.

13.    This action is filed as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act, 29 USC § 216(b), on behalf of Sutherlin and on behalf of all Phoenix Closures hourly-paid employees who were damaged by Phoenix Closures' compensation system which resulted in unpaid overtime compensation.  By virtue of the "collective action," Sutherlin represents the identical and/or similar interests of former and current coworkers denied overtime compensation under the same circumstance.  Sutherlin anticipates that other Phoenix Closures employees and former employees will opt in to the action.

14.    Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

15.    Sutherlin will act to fairly and adequately protect the interests of the entire collective group/class of current and former Phoenix Closures employees.

16.    A determination regarding the "similarness" of those able to participate in the collective action would also allow litigation of claims that may not otherwise be cost effective, depending upon the amount of each individual group member's damages.  Particularly with the type of FLSA wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

### IV.  JURISDICTION AND VENUE

17.    This Court has jurisdiction over Sutherlin's FLSA claims under 28 USC § 1331, as those FLSA claims raise a question of federal law.  See 29 USC § 201 et seq.

18.    This Court is the appropriate venue for this cause of action as Sutherlin resides and worked for Phoenix Closures in Putnam County, Indiana, and most of the illegal activity took place in the Southern District of Indiana.  28 USC § 1391.

## V.  FAIR LABOR STANDARDS ACT CLAIM

19.    Sutherlin incorporates herein by reference paragraphs 1 through 18 above.

20.    Phoenix Closures is an "enterprise," as that term is defined by the FLSA, covered by the overtime and minimum wage provisions of the FLSA..  Phoenix Closures is an "employer," as that term is defined by the FLSA.  Phoenix Closures is a "person" as that term is defined by the FLSA.

21.    Phoenix Closures has violated Sutherlin's right and the right of every similarly situated coworker of Sutherlin to be properly paid overtime wages in a manner required by the FLSA.

22.    Phoenix Closures has repeatedly violated the FLSA's overtime provisions by not paying Sutherlin and members of the Plaintiff Class at the required overtime compensation rate for all training hours worked in work weeks where total hours worked exceeded forty.

23.    Phoenix Closures' failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification, and subjects Phoenix Closures to a three year statute of limitations.

24.    Sutherlin and the Plaintiff Class seek all available damages, including unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for Phoenix Closures' violations of their rights under the Fair Labor Standards Act.

## *VI.  PRAYER FOR RELIEF*

WHEREFORE, Sutherlin, individually and on behalf of members of the collective group of current and former employees of Phoenix Closures, respectfully requests that the Court enter judgment against Phoenix Closures and issue all available relief to Sutherlin and to the entire collective group, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All reasonable attorney's fees and expenses;

3. Costs;

4. Pre-judgment interest, if available;

5. Any and all other relief just and proper in the premises.

Respectfully submitted,

HUNT, HASSLER, KONDRAS & MILLER LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@huntlawfirm.net