UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSEPH R. SUTHERLIN, individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 2:17-cv-00489-RLM-DLP<br>) |
| PHOENIX CLOSURES, INC., | )<br>) |
| Defendant. | ) |

### ORDER ON DEFENDANT'S MOTION TO CHANGE VENUE UNDER 28 U.S.C. §1404(A)

This matter comes before the Court on the Motion by the Defendant, Phoenix Closures, Inc., to change venue under 28 U.S.C. §1404(a). (Dkt. 21). Defendant contends that transfer to the Northern District of Illinois is warranted for convenience of the parties and witnesses and for the public interest. (Dkt. 22). Having examined the facts in light of the applicable standards, the Court **DENIES** the Defendant's Motion to Change Venue under 28 U.S.C. §1404(a).

### Facts

This Fair Labor Standards Act ("FLSA") action was filed in the present Court in October 2017 (Dkt. 1), with an amended complaint having been filed in November 2017. (Dkt. 7). Plaintiffs are opt-in members of a putative FLSA collective action and, thus far, are the only five Plaintiffs who have signed on.[1] Plaintiffs allege that the

---

[1] Since the filing of Defendant's Motion for Change of Venue on December 29, 2017 and after the briefing was completed, one additional Plaintiff has consented to become a party plaintiff in the present collective action, bringing the total number of Plaintiffs to five.

Defendant, Phoenix Closures, Inc. ("Phoenix") employed each of them at its Greencastle, Indiana facility. (Dkt. 7, ¶¶ 1, 3). Plaintiffs further allege that Phoenix misclassified each plaintiff as an exempt, salaried employee during the relevant period when they should have been treated as non-exempt and therefore entitled to overtime pay for the hours they worked in excess of forty hours a week. (Dkt. 7, ¶¶ 3-8).

On December 29, 2017, Defendant filed its Motion to Change Venue under 28 U.S.C. § 1404(a), requesting that the present case be transferred from the Southern District of Indiana to the Northern District of Illinois. (Dkt. 21). The Plaintiffs filed their response brief on January 11, 2018, opposing the transfer. (Dkt. 27). The Defendant submitted a reply brief in support of their Motion to Change Venue on January 25, 2018 (Dkt. 32). The parties do not dispute that all named Plaintiffs are residents of the Southern District of Indiana, nor do they dispute that the Defendant's headquarters is located in the Northern District of Illinois.

## **Discussion**

"A federal district court, in which a suit is filed with proper venue, may [f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it may have been brought." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing 28 U.S.C. § 1404(a). When a Defendant requests a transfer of venue, the movant bears the burden of establishing three things: 1) venue is proper in the transferor district; 2) venue and jurisdiction would be proper in the transferee district; and 3) the transfer will serve the convenience of the parties and witnesses and is in the interest of justice. *Id.* Section

1404(a) does not indicate the relative weight to afford to each of these factors; this is left to the discretion of the district court. *Id*; *Amorose v. C.H. Robinson Worldwide, Inc.,* 521 F. Supp. 3d 731, 734 (N.D. Ill 2007). "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219; *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964) (noting that the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness").

In this case, the parties do not dispute that venue or jurisdiction is proper in both the Southern District of Indiana and in the Northern District of Illinois. The only disputed issues between the parties are whether the Northern District of Illinois is more convenient and whether such a transfer would be in the interest of justice.

In determining whether a forum is more convenient and whether a transfer would be in the interest of justice, the court must consider the private interests of the parties as well as the public interest of the court. *Research Automation, Inc. v. Shrader-Bridgeport Int'l., Inc.,* 626 F.3d 973, 978 (7th Cir. 2010). Private interests include: 1) the plaintiff's choice of forum; 2) the situs of material events; 3) the relative ease of access to sources of proof; and 4) the convenience to witnesses and parties. *Id*; *Nicks v. Koch Meat Co.,* 260 F. Supp. 3d 942, 954 (N.D. Ill. 2017). "Where the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation*, 626 F.3d at 978-79.

### A. Private Interests of the Parties

### 1. Plaintiff's Choice of Forum

"A plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum." *Amorose*, 521 F. Supp. 2d at 735. "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Id* (citing *In re Nat'l Presto Indus., Inc.,* 347 F.3d 662, 664 (7th Cir. 2003)). A plaintiff's choice of forum is entitled to less deference "when another forum has a stronger relationship to the dispute, when the forum of the plaintiff's choice has no significant connection to the site of material events, or in the context of nationwide class actions." *Chicago, R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955).

Several courts have observed that the FLSA provides an "opt-in" procedure under 29 U.S.C. § 216(b) and have accordingly concluded that "Congress intended to give plaintiffs considerable control over the bringing of an FLSA action." *Nicks v. Koch Meat Co.,* 260 F. Supp. 3d at 955-56 (quoting *Alix v. Shoney's, Inc.,* No. 96-2812, 1997 WL 66771 *3 (E.D. La. Feb. 18, 1997)); *McKee v. PetSmart, Inc.,* No. CA 12-1117-SLR-MPT, 2013 WL 1163770, at *3 (D. Del. Mar. 20, 2013), *report and recommendation adopted*, 2013 WL 2456719 (D. Del. June 5, 2013); *Onyeneho v. Allstate Ins. Co.,* 466 F. Supp. 2d 1, 5 n. 2 (D.D.C. 2006) (stating that "collective actions under the FLSA require prospective plaintiffs to affirmatively op-in to the action, unlike class actions under Federal Rule of Civil Procedure 23, in which plaintiffs are included unless they opt-out"); *Guerrero v. Habla Communicacions,* No. Civ.A. H-05-3620, 2006 WL 696646

4

*2 (S.D. Tex. Mar. 16, 2006) (observing that "[i]f such a plaintiff decides that it would be too inconvenient to opt-in here, he or she can file suit closer to home. A plaintiff who does choose to opt-in here would presumably be signaling his judgment that the relative inconvenience was not particularly significant"); *Johnson v. VCG Holding Corp.,* 767 F. Supp. 2d 208, 215-16 (D. Maine 2011) (concluding that the plaintiff's choice of forum in a FLSA case is entitled to more deference than the choice of forum in Rule 23 national class action cases).

Thus far, five plaintiffs have opted in to the present collective action, all of whom live within the Southern District of Indiana and, more specifically, within the Terre Haute division. These five individuals have, by signing on, affirmatively represented that the present district is convenient for them and, accordingly, this court gives significant deference to that decision. Should any other plaintiffs in the Defendant's three other facilities decide to participate, they will have the choice to either opt-in to this existing case or pursue their own action in a more convenient district.

### 2. Situs of Material Events

The Plaintiffs argue that the situs of material events occurred in Indiana because the named Plaintiffs worked and were compensated there. Since the payments were actually issued to individuals in Indiana, this information is material to the potential amount of damages. At this point, they allege, the only Plaintiffs are located in Indiana, with any participation from other districts being speculative.

Courts recognize, however, that in FLSA cases challenging a corporate defendant's overtime and pay policies, the corporation's headquarters is often the situs of many material events, even if the employees work elsewhere. *Nicks v. Koch Meat Co.,* 260 F. Supp. 3d 942, 956 (N.D. Ill. 2017). Furthermore, the Plaintiffs' First Amended Complaint establishes that the alleged FLSA violations stem from corporate policies and decisions made within the Northern District of Illinois by employees who reside in that district.

### 3. Relative Ease of Access to Sources of Proof

The Defendant argues that this factor weighs in favor of transfer because company-wide documents, such as those maintained by the human resources and payroll departments, are maintained at the corporate headquarters in Illinois. The Defendant further notes that information from opt-in plaintiffs will in all likelihood come from where they live and work, which could be in any one of four states. The Plaintiff argues that the bulk of the records to be produced by the Defendant are maintained electronically and, therefore, easy to produce regardless of location.

The physical location and the physical site of records is a "holdover from a time when businesses kept important records, including payroll records, in paper and the difficulty of physically accessing the paper documents and the burden of transporting them across jurisdictions." *Johnson*, 767 F. Supp. 2d at 216-17 (citing 15 FEDERAL PRACTICE AND PROCEDURE § 3853). Given the technological advancements in document production, "documentary evidence is readily transferable and transporting it generally does not pose a high burden upon either party." *Nicks v. Koch Meat Co.,* 260 F. Supp. 3d

6

942, 957 (N.D. Ill 2017) (quoting *Cont'l Cas. Co. v. Staffing Concepts, Inc.,* No. 06 C 05473, 2009 WL 3055374, at *5 (N.D. Ill. Sept. 18, 2009)). Accordingly, this factor remains neutral.

### 4. Convenience to the Witnesses and Parties

The convenience of witnesses, particularly non-party witnesses, is considered the most important factor in the transfer equation. *Lawrence v. Swift Transp. Co.,* No. 1:07-cv-197-JDT-WTL, 2007 WL 3334788, *3 (S.D. Ind. Nov. 8, 2007). When evaluating this factor, the Court must examine "'the nature and quality' of each proposed witness's testimony . . . [and] whether the witnesses are likely to appear voluntarily, whether they will be subject to compulsory process, and whether they are experts, whose attendance is controlled by the party who hired them." *Toriumi v. Ritz-Carlton Hotel Co., LLC,* No. 06 C 01720, 2006 WL 3095753, at *2 (N.D. Ill. Oct. 27, 2006) (citation omitted). Additionally, "the convenience of employee witnesses is given less weight than the convenience of non-party witnesses." *Nicks,* 260 F. Supp. 3d at 957 (quoting *Rorah v. Petersen Health Care,* No. 13C01827, 2013 WL 3389063, at *4 (N.D. Ill. July 8, 2013)). "Case law cautions against doing a mere count to determine the overall convenience of the witnesses – the substance of the testimony matters." *Lawrence,* 2007 WL 3334788 at *4. "[T]echnology, like the use of video, as well as other alternative means of obtaining testimony, may be available for witnesses unwilling to travel the distance to court." *Id.*

When considering potential witnesses, the Plaintiffs note that all five plaintiffs and their immediate supervisors are located in the Southern District of Indiana. The

7

Defendants point to the fact that the majority of Phoenix executives and decision-makers are located in the Northern District of Illinois. Since courts can ordinarily assume that parties will be sufficiently motivated to have their own employees or other allies appear for trial wherever it might take place, this Court only considers this factor to be slightly in favor of the Defendant. The substance of the testimony of the Defendant's witnesses will go to the heart of this case, providing some support for transfer. The only non-parties listed by either the Plaintiff or Defendant are companies located in other states who would have to fly to either location for court appearances.

The Defendant maintains a headquarters in Chicago, within the Northern District of Illinois, but also maintains three other facilities in Iowa, Indiana, and Tennessee. The Defendant consistently reminds this Court to consider the potential opt-in plaintiffs that may participate, which only serves to support the notion that if any potential class members from Iowa or Tennessee participate in the suit, the Southern District of Indiana is a central location. Both parties would prefer and be convenienced by the case being located in their home district, effectively making this factor neutral.

Each side prefers its home forum, and while each side would be burdened by litigating in its non-preferred forum, the burden would not be particularly great given the ease of travel between the two forums. Neither side has demonstrated that its burden will substantially outweigh the other's if it does not get its choice of forum. It appears that each side's witnesses are located in its preferred forum. This is not a case

of a district on the west coast seeking transfer to a district on the east coast; the two districts in question here are three hours apart when traveling by car. As mentioned earlier, the Court returns to the notion that merely shifting the inconvenience from one party to the other is not justification enough to warrant transfer.

### B. Public Interest of the Court

In addition to considering the parties' private interests, this Court must also consider the public interest, which includes "1) docket congestion of the respective court dockets; 2) prospects for a speedy trial; and 3) the courts' familiarity with the applicable law. *Research Automation* at 978; *Nicks*, 260 F. Supp. 3d at 955.

The Defendant points to compelling evidence from the National Judicial Caseload Profile regarding the current judicial emergency in the Southern District of Indiana. While the Defendant would target the total filings, civil filings, and weighted filings as conclusive evidence of the advantage of the Northern District of Illinois, the Court would draw the parties' attention to a few other statistics noted in the Judicial Caseload Profile, namely the time from filing to disposition for civil cases, the time from filing to trial in civil cases, and the number and percent of civil cases over 3 years old.

| Southern District of Indiana | Northern District of Illinois |
|---|---|
| Time from Filing to Disposition: 8.0 | Time from Filing to Disposition: 8.5 |
| Time from Filing to Trial: 24.5 | Time from Filing to Trial: 36.8 |
| Number (and %) of Civil Cases over 3 years old: 54 (1.0%) | Number (and %) of Civil Cases over 3 years old: 1,613 (10.5%) |

9

While the Court agrees that the Southern District of Indiana has a high caseload and the highest weighted filings for the entire Seventh Circuit, the figures also demonstrate the speed with which this Court has been disposing of cases. Despite carrying a weighted filing amount of almost half of the Southern District, the Northern District of Illinois takes approximately one year longer for civil cases to get to trial. Even with the high caseload, the time from filing to disposition has steadily decreased over the last five years in the Southern District of Indiana. The prospects for a speedy trial heavily favor the Southern District of Indiana maintaining jurisdiction over the present case, especially given that the Honorable Robert L. Miller, Jr. from the Northern District of Indiana is currently assigned to this case in the Terre Haute division, a fairly uncongested division within the Southern District of Indiana.

As to the three Southern District of Indiana cases cited by the Defendant in support of transfer on the reason of judicial emergency and court congestion, namely *Noble Romans, Inc. v. B & MP, LLC,* 1:14-cv-206-WTL-MJD, 2015 WL 6442286 (S.D. Ind. Oct. 22, 2015); *Advanced Turf Solutions, Inc., v. Johns*, 223 F. Supp .3d 786 (S.D. Ind. 2016); and *Heckler & Koch., Inc. v. Li*, 1:09-cv-748-WTL-JMS, 2009 WL 4842843 (S.D. Ind. Dec. 11, 2009), the Court can easily distinguish them from the present case. None of the three involved a FLSA collective action where plaintiffs have to affirmatively opt-in to participate, but, more importantly, all three cases had stronger, more definite ties to districts other than the Southern District of Indiana. When there

is no connection to a district, transfer elsewhere is appropriate; this, however, is not the case here, as the connection to each district is relatively equal.

With regard to each court's relative familiarity with the applicable law, the Court finds that factor to be neutral, as both courts will be equally familiar with the FLSA. Plaintiffs bring one state law claim under the Indiana Wage Claims Statute, which only slightly leans in favor of the Plaintiffs' position, as both courts would be able to apply Indiana law adequately.

Though the Defendant set forth some good reasons to have this case transferred, those reasons are not enough to tip the scale in favor of transfer. As stated previously, "[w]here the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Research Automation*, 626 F.3d at 978-79. The balancing of factors for this case creates a very close call which, consequently, does not convince this Court that transfer is warranted and, therefore, this Court denies the Defendant's Motion to Change Venue.

## Conclusion

Defendant's Motion to Change Venue under 28 U.S.C. 1404(a) is **DENIED**. The present case will remain in the Southern District of Indiana.

So ORDERED.
Date: 4/5/2018

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the Court's ECF system