IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSEPH SUTHERLIN, Individually and on behalf of others similarly situated, *Plaintiff* vs. PHOENIX CLOSURES, INC., *Defendant* | Case No. 2:17-CV-489 RLM-DLP |

ORDER

Joseph Sutherlin and Phoenix Closures, Inc. have agreed on resolution of this Fair Labor Standards Act collective action, and came before the court on June 20 on the plaintiffs' unopposed motion for approval of their settlement. Unless the Department of Labor is supervising the dispute, an FLSA case can't be settled and simply dismissed; the court's approval is required. *See, e.g.,* Walton v. United Consumers Club, Inc., 786 F.2d 303, 306 (7th Cir. 1986) ("Courts therefore have refused to enforce wholly private [FLSA] settlements."). Mr. Sutherlin and Phoenix Closures asked the court to review their settlement *in camera* and dismiss the case, if the court approves of the settlement. In open court at the June 20 hearing, the parties discussed the settlement's terms, but it was important to Phoenix Closures to keep the settlement agreement out of the court file lest it lead other employees to bring their own claims after not opting into this case.

The "in camera review" provision gave the court pause. Our court of appeals has taken a "strict position" regarding public access to court documents – "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification". Swarthout v. Ryla Teleservices, Inc., Case No. 4:11-CV-21-PRC, 2012 WL 5361756, at *2 (N.D.Ind. Oct. 30, 2012) (quoting Hicklin Eng'g, L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006)). "Notwithstanding the parties' agreement, the decision of whether good cause exists to file a document under seal rests solely with the Court." Id. (citing Citizens First Nat'l Bank v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999)). So at the end of the June 20 hearing, the court directed the parties to submit authority in support of their assertion that the proposed settlement agreement in this Fair Labor Standards Act case should not be made a part of the public record.

In response, the plaintiff concedes that there are cases in this district that have allowed FLSA settlement agreements to remain confidential, citing *e.g.*, Beachy v. Reliance Construction, Inc., Case No. 3:15-CV-184-TLS, 2015 WL 6828864 (Nov. 6. 2015); Roberts v. Apple Sauce, Inc., Case No. 3:12-CV-830-TLS, 2014 WL 4804252 (N.D. Ind. Sep. 25, 2014); Swarthout v. Ryla Teleservices, Inc., Case No. 4:11-CV-21-PRC, 2012 WL 5361756 (N.D.Ind. Oct. 30, 2012), and others that have not, *e.g.,* Razon v. Vyas, Case No. 2:16-cv-441 RL-JEM, 2017 WL 3503395 (N.D. Ind. July 6, 2017). But counsel urges the court to follow the

former, and contends that the proposed settlement should remain confidential because: (1) the statute doesn't expressly require settlement agreements to be made a part of the record; (2) the parties haven't moved to file the agreement under seal; and (3) the agreement needn't be made a part of the record because the details of the settlement are available to anyone who wants to order a transcript of the hearing. For the following reasons, the court finds that the parties haven't demonstrated good cause for keeping the proposed FLSA settlement agreement confidential and denies their request for *in camera* review.

Magistrate Judge Cherry explained in Swarthout, that "[g]ood cause may exist [to file a document under seal] if the documents are sealed in order to maintain the confidentiality of trade secrets, privileged information, including documents covered by the attorney-client privilege, and other non-public financial and business information," and that the parties had shown good cause to maintain the settlement agreement under seal. Id. at *2-3. Other decisions from within our circuit underscore the importance of identifying cognizable cause for keeping the settlement's terms confidential. Metzger v. Auto Rescue of MKE LLC, Case No. 15-CV-967-JPS, 2016 WL 7839154, at *3 (E.D. Wis. July 11, 2016) (finding that "the parties fail[ed] to overcome the high burden needed to rebut the presumption of public access and denying motion to seal FLSA settlement agreement); Perry v. Nat'l City, Case No. 05-CV-891-DRH, 2008 WL 427771, *1 (S.D. Ill. Feb. 14, 2008) (denying motion to seal FLSA settlement agreement

3

because the parties offered no argument as to how "they would be specifically injured or harmed by allowing public access).

The only justification for confidentiality offered at the hearing on the motion for approval of the settlement was that Phoenix Closures didn't want to face another claim from any other employee. There are few bright line rules in this field, but the court of appeals has stated clearly that concerns about "copycat litigation" don't justify sealing an FLSA settlement agreement. Goesel v. Boley Int'l (H.K.) Ltd., 738 F.3d 831, 834 (7th Cir. 2013) (denying motion to seal while recognizing that making settlement public may invite more suits against a defendant); Metzger v. Auto Rescue of MKE LLC, 2016 WL 7839154, at *3 ("defendants' desire to avoid copycat litigation…insufficient to justify sealing settlement documents").

The parties are absolutely correct that this court, per Judge Springmann, allowed settlement agreements to be filed under seal in Beachy v. Reliance Construction and Roberts v. Apple Sauce, Inc. But the confidentiality issue doesn't appear to have been raised in Roberts, 2014 WL 4804252, at *2, and Beachy appears to have been based on a rationale that is no longer the law in this circuit. The Beachy court explained, "The Court also finds that the agreement's confidentiality is a material term in the parties' Confidential Settlement and Release Agreement, which the parties would have otherwise executed as a private, confidential settlement agreement." Beachy v. Reliance Construction, 2015 WL

6828864, at *2. As the law of our circuit is understood today, "[r]equesting the court to seal a document simply because the parties want it to be private is insufficient to overcome the presumption of public access." Metzger v. Auto Rescue of MKE LLC, Case No. 15-CV-967-JPS, 2016 WL 7839154, at *3.

Under today's circuit law, the court would have no authority to seal the settlement agreement based on this record. But Mr. Sutherlin and Phoenix Closures argue that they aren't trying to seal the agreement or preclude public access; they just want to make public access a little more difficult, to reduce the chances of copycat litigation. The agreement's terms, they argue, were laid out on the record during the hearing on the motion for approval. Under the approach Mr. Sutherlin and Phoenix Closures propose, an interested person would simply have to purchase a transcript of that hearing (a transcript would cost less than $50), although the agreement wouldn't be available from the electronic docket.

No case in this circuit appears to have addressed the permissibility of such an approach. Judge Lewis Kaplan of the Southern District of New York has required that settlement agreements be posted to the public docket, Lopez v. Nights of Cabiria, LLC, 96 F.Supp.3d 170, 180 (S.D.N.Y. 2015); Camacho v. Ess-A-Bagel, 2014 WL 6985633, at *3 (S.D.N.Y. Dec. 11, 2014), but of course, his opinions, while noteworthy and thought-provoking, aren't controlling. Whether public access can be limited to transcripts rather than through the electronic docket is a wide-open issue in our circuit. But it's not an issue for decision today.

The transcript of the approval hearing was not as revealing as counsel recall. No suggestion is intended that counsel sought to hide anything from the court; they didn't. But the focus of the hearing was whether the court should approve the settlement, which requires a showing of a fair and reasonable resolution of a bona fide dispute between the parties to contested litigation. *See* Butler v. Am. Cable & Tel. LLC, 2011 WL 4729780, at *9 n.9 (N.D. Ill. Oct. 6, 2011). The transcript doesn't disclose, for example, the amount of each plaintiff's recovery, or the amount or method of calculating the attorney fees. As Judge Posner, sitting alone as the motions judge in Goesel v. Boley Int'l, 738 F.3d at 835, explained, the amount of settlement, including fees and costs, has significant public value as a starting point for negotiations in future cases.

So even if public disclosure during proceedings in open court can serve as a substitute for placing the agreement on the electronic docket, the proceedings at this hearing weren't sufficient. While the agreement otherwise meets the requirements for judicial approval under the FLSA, neither the parties' desire to keep the proposed settlement agreement confidential nor the disclosures in open court satisfy or overcome the preference for public access to court documents suffice to keep the agreement itself out of the public record. The court DENIES the request to consider the agreement *in camera*. The parties shall have 14 days from the date of this order to either agree to file the proposed settlement agreement as

a public record and proceed to the merits, or to withdraw the motion for approval of the settlement agreement.

SO ORDERED.

ENTERED:   September 26, 2018

　　　　　　　　　　　　　　　　　　   /s/ Robert L. Miller, Jr.　　　　
　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　United States District Court

Electronic distribution to all counsel
of record via CM/ECF